UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**CHARLES CASTON,**

    **Plaintiff,**

  v.

**UNIVERSITY OF HOUSTON,** *et al.*,

    **Defendants.**

Case No. 1:21-cv-510
**JUDGE DOUGLAS R. COLE**
Magistrate Judge Litkovitz

## ORDER

This cause is before the Court on the Magistrate Judge's August 10, 2021, Report and Recommendation ("R&R," Doc. 4) advising the Court to dismiss Plaintiff Charles Caston's Complaint (Doc. 3) with prejudice. For the reasons discussed below, the Court **ADOPTS** the R&R's (Doc. 4) recommendation to dismiss, but **DISMISSES** Caston's Complaint (Doc. 3) **WITHOUT PREJUDICE**.

On August 9, 2021, Caston moved pro se for leave to file his Complaint in forma pauperis. (Doc. 1). The Magistrate Judge granted the motion (Doc. 2), and Caston's Complaint was filed the same day (Doc. 3). It is incoherent. (*See id.*). Naming over 50 defendants, Caston's Complaint purports to proceed under the Fourth, Fifth, Sixth, and Eighth Amendments. (*Id.* at #16). Caston demands a host of outlandish remedies, including a "court appointed Manager for all businesses," a restraining order to prevent domestic violence, the seizure of property "used for criminal activity," a gag order, that Defendants "follow the six feet rule of social distances," and that

Defendants "follow the third party rule of communications." (*Id.* at #16–17). But Caston includes no discernable factual allegations.

After screening Caston's Complaint under 28 U.S.C. § 1915(e), the Magistrate Judge issued the R&R and advised the Court to dismiss Caston's Complaint with prejudice. (Doc. 4). Even after construing Caston's Complaint liberally, the R&R concluded the Court lacked subject-matter jurisdiction. First, diversity jurisdiction is unavailable because both Caston and the University of Houston (one of the named Defendants) are citizens of Texas. (*Id.* at #29). And second, as Caston did not allege facts to support an actionable constitutional claim, the Court is without federal question jurisdiction. (*Id.* at #29–30).

Beyond recommending the Court dismiss the Complaint, the R&R specifically advised Caston that failing to object within the 14 days specified in the R&R may cause forfeiture of rights on appeal, which includes the right to District Court review. (*See id.* at #31); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R ... is forfeiture"); 28 U.S.C. § 636(b)(1)(C). Rather than objecting, Caston filed a notice of appeal to the Federal Circuit Court of Appeals. (Doc. 5). Of course, this was in error because the R&R was not a final judgment.[1] So the

---

[1] In addition, the Federal Circuit is almost certainly the wrong appellate court to hear Caston's appeal. *See* 28 U.S.C. § 1295. However, without factual allegations, the Court cannot confirm that.

2

time for filing objections has passed, and Caston has not objected to the R&R. Moreover, even if the Court were to treat his notice of appeal as an objection (after all, Caston is proceeding pro se), that does not fix the problem. The notice of appeal is a one-page form document that does not identify any alleged errors in the R&R, making Caston's "objection," at best, an improper general objection. *See Prince v. Scioto Cnty. Common Pleas Ct., Ct. Employee*, No. 1:20-cv-652, 2022 WL 3013021, at *1 (S.D. Ohio July 29, 2022) (noting that objections must identify specific errors). Either way then, the R&R is unobjected.

Nonetheless, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (citing cases). Consistent with that admonition, the Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

It is Caston's burden as plaintiff to show the Court has subject-matter jurisdiction over his claims. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010). He has not done so.

To fall within the diversity jurisdiction, all plaintiffs must be diverse from all defendants. *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010).

3

Here, as noted, the plaintiff and at least one defendant are citizens of Texas. Thus, the R&R correctly found complete diversity lacking.

As for federal question jurisdiction, Caston invokes various constitutional provisions as the basis for his claim. (Doc. 3, #16). And generally, such claims fall under 28 U.S.C. § 1331. The problem, though, is Caston sets forth no facts to show he has a colorable claim under those provisions. As the Supreme Court noted in *Arbaugh v. Y&H Corp.*, "[a] claim invoking federal-question jurisdiction ... may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." 546 U.S. 500, 513 n.10 (2006) (internal citations and quotation marks omitted). Just so here.

In short, the R&R correctly determined that dismissal is warranted. But because the dismissal is for lack of subject-matter jurisdiction, rather than on the merits, the Court dismisses the action without prejudice.

Thus, the Court **ADOPTS** the R&R (Doc. 4) as far as it recommends dismissal, but the Court **DISMISSES** Caston's Complaint (Doc. 3) **WITHOUT PREJUDICE**. The Court further **DIRECTS** the Clerk to **ENTER JUDGMENT** and **TERMINATE** the matter on the docket. Finally, the Court **CERTIFIES**, under 28 U.S.C. § 1915(a), that for the above reasons, Caston could not appeal this Order in good faith and so **DENIES** him leave to appeal in forma pauperis.

**SO ORDERED.**

January 20, 2023
**DATE**                                          **DOUGLAS R. COLE**
                                                  **UNITED STATES DISTRICT JUDGE**